JONATHAN PARKER, Junior,

*against*

BIXBY and OSGOOD.

EJECTMENT for lands in *Brandon*.

General issue pleaded, and put to the Jury.

In support of his title, the plaintiff offered a deed from *Abraham Ives*, sheriff, and *ex officio* collector of State taxes in unorganized towns, conveying the lands in question to the plaintiff's ancestor for neglect of payment of a State tax, granted *October* 21, 1783, the deed dated *November* 1, 1784, conveying the whole rights of *William Shattuck* and two others.

An objection was taken to the reading of the deed, and reliance was had on the 3d section of the additional act, passed *March* 9th, 1784. " And whereas it may be more convenient to sell so much of each delinquent proprietor's right or share as will pay the proportion of such delinquent's tax and 'attending charges : Therefore, be it enacted by the authority aforesaid, that those persons who are by law appointed collectors of the land-tax, granted by this assembly in *October* last, where they can ascertain the names of the original proprietors in any town subject to said tax, be, and they are hereby directed to sell so much of each original right on which the said tax shall not be paid, *beginning with the undivided*, if any there be, as will raise a sum of money sufficient to pay said tax on such right and attending charges, passed the 9th day of *March*, 1784.

It was urged by the defendants' counsel, that the sheriff, as collector, had no power to vend *whole*

*Vermont* Stat. vol. 2. p. 231.

When the sheriff, as collector of taxes in an unorganized township, sets forth in his deed, "that he hath in all things proceeded according to law," it will always be received as *prima facie* evidence that he hath proceeded legally in all matters relating to the sale of land for the non-payment of taxes, where a special record is not made necessary by statute.

*rights of land,* until he had first sold the undivided **Parker**
land, if any there were, and that the deed should     **v.**
have shown that there were no undivided lands in     **Bixby and**
                                                      **Osgood.**
the township of *Brandon,* and therefore that the she-
riff had proceeded to vend the whole rights.

*Sed per Curiam.* The sheriff sets forth in his
deed, that he hath in all things proceeded according
to law, and this has always been received as *prima
facie* evidence that he had proceeded legally in all
matters relating to the sale of lands for non-payment
of taxes, where a special record is not made neces-
sary by statute. The Court consider, that former
decisions on this point will include the present ques-
tion, and that the *onus probandi* lies on the defend-
ants to show that the sheriff proceeded illegally to
vend these whole rights.

Let the deed be read to the Jury.

*Daniel Chipman* and *Darius Chipman,* for the
plaintiff.