## John Culver vs. William Hayden.

Where private property is diverted or affected by the operation of a special act of the Legislature, the requisitions of the act must be strictly pursued.

THIS was an action of *ejectment* for lot number twenty one, in *Albany*, and was tried in the County Court October term, 1827, on the *general issue*, ROYCE J. presiding. On trial, the plaintiff offered in evidence a deed from *John Skinner*, collector, to himself, dated January 17, 1825, and with said deed, and in support of the same, he also offered in evidence the act of the legislature. passed the — day of ――― 1821, granting a tax of three cents per acre on the town of *Albany*, for the purpose of making and repairing roads, and building bridges in said town—the record of the proceedings and judgment of Orleans County Court, allowing the accounts of the committee appointed to superintend the expenditure of said tax, and a copy of the records, relating to the vendue sales of the said *John Skinner*, as collector of said tax. The defendant objected to said deed, and the accompanying evidence, aforesaid, and insisted that they did not show a title in the plaintiff. 1. Because the deed aforesaid did not describe the lot in question, as belonging to any original proprietor's right. 2. Because the place where the legislature held their session, at the

Orleans, March, 1828.

*Noyes* vs. *Morristown.*

time of granting said tax, is omitted in the collector's advertisement. 3. Because no rate bill, or list of delinquent lands, appears to have been furnished by the committee to the collector till the day of sale; and because the same was signed by two of the committee only. 4. Because the place where one of the newspapers *(the Rutland Herald)* was printed, does not appear by the record of the collector's advertisement. But the court admitted said deed, with the accompanying evidence aforesaid, as establishing a title in the plaintiff, and directed a verdict for the plaintiff. To all which the defendant excepted, and a bill of exceptions was allowed, and the case now came before the court for a hearing on said exceptions.

*Mr. Mattocks for the defendant.* 1. The place of the session of the legislature, when the tax was assessed, does not appear in the collector's advertisement: the form and the enacting part of the 5th section of the act of 2d November, 1796, (*p.* 662.) expressly requires this; and the positive requirement of such a statute may not be dispensed with.—1 *Cowp.* 29, *Rose* vs. *Croke*:—1 *Bur.* 377.—4 *Bur.* 2244.—3 *Johns. C.* 108, *Gilbert* vs. *Columbia Turnpike Company.*

2. The place of holding the parliament, at which a statute was made, is material at common law, and a misrecital is fatal, even after verdict.—1 *Ld. Ray.* 211,343, *Burt* vs. *Bothwell*:—which shews that this requirement of our legislature was not accidental, nor unmeaning; but that they chose to give a technical form, and enacted that it should be followed.

3. No rate-bill, or list of delinquent lands, was furnished by the committee to the collector, until the day before sale. By the 5th section, if any proprietor or land holder, does not pay in labor or money to the committee within the time by them advertised, it is the duty of the collector " to advertise such delinquencies." How can he do this, or know on what lands to receive the tax, without a rate-bill? It is said to have been decided that a rate-bill is necessary.

4. "To advertise such delinquencies," would seem to be to name the delinquent-owners of lands; which was not not done, but only calling generally on those that had not paid, leaving the owners to find out as they may, as to what land they are delinquent; where-

as, if the owners of lands were named ⟨ <span>Orleans, March, 1828.</span>
or described, the owner would be able ⟩ *Culver* vs. *Hayden.*
to detect the error of his agent, and yet save his lands. But it
may be said, the form given dispenses with this. Then let the form be
complied with. This strengthens the first objection; here was
neither the form nor substance of the two requirements.

5. The place where one of the newspapers was printed was
not recorded by the town clerk. This also is a positive require-
ment of the law.—*Statute* 11 *Nov.* 1807, *s.* 3, *p.* 667.

6. Only two of the committee acted or signed the advertise-
ment. It does not appear that all of the committee ever met:
if they had, it might have been good on general principles (though
doubtful, as this was a ministerial act.) Yet even where the trust is
public, all must assemble to make the acts of the majority binding.
1 *B. & P.* 229, *Gridley* vs. *Parker, and the authorities there cited*,
to wit, 3 *T. R.* 592, *Rex* vs. *Beeston.*—6 *T.R.*368, *Withnell* vs.
*Gartham.* Further, by the *7th section of the act No.* 1, *p.* 664,
power is given to any *two* of the committee to lay out roads in un-
organized towns, and to any *one* to superintend the labor; and this
tends to restrain, or rather shew, that the other powers were not
intended to be given to less than the whole.

7. The land was sold by lots, not by proprietors' names. It
should have been both. This is believed to have been the gen-
eral practice.

*Mr. Young, for plaintiff.* 1. Defendant objects to *Culver's*
deed, because "it does not describe the lot of land in question,
"as belonging to any original proprietor's right." It is not
necessary; in as much as both plaintiff and defendant claim the
same lot, under the same division.—1 *Chip. R.* 396. *Bush* vs.
*Whitney.*—1 *Aik. R.* 16, *Mitchiel & Turner* vs. *Stevens.*

2d. *exception*—"Because the place where the legislature held
their session at the time of granting said tax, is omitted in the collect-
or's advertisement." The place of holding the session, became
wholly nugatory and surplusage, after a permanent seat of the leg-
islature was established by law; as all persons were then bound
to know the place. There could be no place but *Montpelier.*
The year in which the tax was granted gave all the information
that could be necessary. And inasmuch as the *reason* had ceas-
ed for inserting the place of session, the law had ceased also.

XX

Orleans, March, 1828.

Culver vs. Hayden.

3d. *exception*—"Because no rate-bill or list of delinquent lands *appears* to have been furnished by the committee to the collector,till the day of sale; and because it was signed by two of the committee only." The law is entirely silent on the subject. There does not appear to be an intimation in the law that a tax-bill shall be furnished to the collector at all. If the law had made it necessary,the law would probably have given some direction, as to the form thereof ; and also whether it should be signed,and by whom. But even though the presumption should be raised that such ought to have been the case —that it would at least have been a *formal* mode of proceeding ; yet,even this idea of formality would not raise a presumption that it should be furnished before the day of sale ; or that it should be signed by more than two of the committee, or by any of them. This *pretended* requisite,not being contained in the law, does not of necessity become a part of the record ; and *its existence,* (if necessary) might be proved by parol—which parol evidence was offered by plaintiff—but adjudged unnecessary by the court. It would surely be hard to make void the law, or to inflict penalties by virtue of a law, for supposed omissions, or nonfeasances, that were neither prohibited or enjoined by the law.— Much more so, to take away the rights of persons for the mere *fancied* omissions of the officers acting under the law.

4ht *exception*—"That the *place* where the *Rutland Herald,*(one of the newspapers,) was printed does not appear by the *record* of the collector's advertisement." There can be no more force in this exception than in the second,viz : the place of the sitting of the Legislature. There could be no *reason* for inserting the place where the *Rutland Herald* was printed—therefore, there could be no law for it. The place where said paper is printed, is contained in the name or title of the paper itself—but that is not the case with many other papers. There is, therefore, a sufficient directory to the paper ; and as to the other part of the index, or direction, viz : the date, volume, &c. it was as necessary in that paper, as in others, and is of course inserted in the record of the town clerk. Therefore, if we undertake to account it a defect—it is one whereby no possible evil could accrue, any more than from that contained in the 2d exception. The *statute, p.*667

is, that the clerk (town clerk) shall record

the advertisements, the title, volume, number, date, and place where printed. Now we contend this has been done to every intent of the statute. No particular words are required by the statute to be made use of. If the clerk had said "at *Rutland*" a question might have arisen whether it was the town or county of *Rutland.* I know it would be possible to mark iniquity so strictly that no flesh could stand. For if the town, county, and state, had been named in the record, a question might have arisen, whether in the *East* or *West* village.— And surely, the particular village would have been *the place where* the paper was printed. I had supposed the fulfilment of a law, so far as to prevent all possible evil, whether direct or consequential (except from one's own seeking or imagination) to be sufficient.

TURNER J. delivered the opinion of the court. This is an action of *Ejectment* brought for lot number 21, in the town of *Albany.* The plaintiff claims under title acquired under a vendue deed, executed by *John Skinner*, collector of a land tax granted by the legislature, on the town of *Albany*, at their session in 1821. The execution of the deed, and defendant's possession of the land, is admitted. To the validity of the deed, the defendant made four objections, which are a part of the bill of exceptions. Two of the objections' the court consider to be fatal, and therefore deem any notice of the others unnecessary.

1. The deed is objected to because the *place* where the legislature held their session at the time when the tax was granted, was omitted in the collector's Advertisement; and 2d. because the *place* where one of the newspapers, (the *Rutland Herald,*) was printed, did not appear in the town clerk's record of the advertisement.

The act granting the tax in question, (see pamphlet of the laws of 1821 p. 152,) after enacting that a tax of three cents per acre shall be laid on all lands in the town of *Albany,* (certain lands being excepted,) and appointing a committee under whose direction it is to be expended, and a collector to collect it—provides, that "said committee and collector are to govern themselves in collecting and expending said tax, in conformity to the laws of this state, in such cases made and provided." The law here re-

ferred to, is the act for the regulation of particular land taxes.—(Statute, page 662.) By this general act, prescribing the duties of the collector in case of delinquency in the proprietors of lands subject to such tax, it is made his duty to advertize such delinquencies in certain papers. A form for the advertisement is prescribed as follows : "Whereas, the legislature of Vermont, at their session at —————— in the year ——— assessed a tax," &c. and the statute goes on to enact that "the blanks in the form of the advertisement herein before directed, *shall* be filled with the *place* of the session of the legislature when the tax was assessed."

And afterwards, p. 667, when the collector has completed his sale, he is required to make a return of his proceedings, to be recorded in the proper office for recording deeds of lands in said township—and the town clerk is required to record the advertisements at length, and the title, the volume, the number and the date of the papers in which they were inserted—*and the place where such paper was printed.*

That the collector should have followed the form, and the clerk made the statement of the place where the paper was printed a part of the record, are positive requirements of the statute ; and a compliance with these requisitions must be regarded as a condition precedent to the conveyance of a good title, by the vendue deed. Where property is affected, or the title to it divested, by the provisions of a special act of the legislature, the requirements of the act must be strictly followed. 1 *Burr.* 377—4 *Burr.* 2244.—1 *Cow.* 29.—In the present case, the operation of the special statute was to divest the defendant of his property, on his failure to perform a duty created by the statute, and on the performance of certain acts prescribed to the officers required to collect the tax and record the proceedings. The performance of these acts is the condition on which the property was divested ; and it is not for the court to enquire whether the provisions of the statute were reasonable, whether a compliance with them might not be dispensed with, without injury to the defendant—but whether they have been made ; and if so, they must be literally pursued. New trial granted.

*Young*, for plaintiff.

*Mattocks*, for defendant.