JOSIAH BELLOWS, 2ND. *v.* WM. ELLIOT AND —— KILLUM.

Where a vendue sale of lands was made by a collector under an act assessing a tax on the lands in the county of Essex, passed in 1831; Held,— That it need not be shown that the collector, who was first constable, was sworn.

That it was sufficient if the township, to be sold, was stated in the collector's advertisement and it appeared from the whole record that such township was sold, although the collector omitted to state the township in his certificate returned to the town clerk's office with the rate bill and sale book.

That it was not necessary for the town clerk to certify whether the town of Windsor, in which the advertisements were published, was in this state.

That, in the return of lands unredeemed, a clerical error in stating the year of sale, does not vitiate the sale, when the mistake is apparent and it is also apparent when the sale was made.

That it is not necessary for the collector in his return, to say that the landowners had refused to pay the tax, and if it appear, from his return, how much land he sold, it is not material in what form the fact is stated.

TRESPASS, upon lot No. 69, in Brunswick. Plea, not guilty. Issue to the country.

Essex,
March,
1840.

Bellows
v.
Elliot and
Killum.

Upon the trial in the county court, the plaintiff gave in evidence a statute law of this state, passed October 28, 1831, granting a tax of three mills on each acre of land in Brunswick in the county of Essex (public rights &c., excepted) for the purpose of building a jail. The provisions of the act sufficiently appear from the opinion of the court.

The plaintiffs also gave in evidence the warrant of the treasurer of the county, for the collection of said tax, issued, in due form of law, to Henry D. Shoff, constable of said town of Brunswick, dated December 20th, 1831, on the back of which is the following indorsement ;—

" Brunswick, town clerk's office, July 10, 1832. Received the within for record and recorded in book 3, page 57, and examined by Thomas G. French, town clerk." It did not appear, however, from the town records, when the warrant was received and recorded in the town clerk's office.

The plaintiff further gave in evidence the original rate bill, which was proved, and the following extracts from the records of said town of Brunswick, relating to the sale of lands in said Brunswick in satisfaction of said tax.

*(Extract from rate bill by selectmen.)*

" Assessment of a tax of three mills on each acre of land in the township of Brunswick in the county of Essex, lands sequestered to public, pious and charitable uses excepted, made by us January 6th, A. D. 1832, agreeably to an act of the legislature of Vermont, passed October 28th, A. D. 1831, for the purpose therein mentioned."

| Names of Proprietors. | No. of lot. | No. of acres in each lot. | Amount of tax on each lot. cts. mills |
|---|---|---|---|
| Zadock Clark, 1 | 22 | 18 | 2. 4. |
| 2 | 69 | 115 | 34. 5. |
| 3 | 33 | 72 | 21. 6. |

Thomas G. French,
Daniel Smith,      } Selectmen of
Daniel Shoff, Jr.  } Brunswick."

(*Extract from record of sale.*)

ESSEX,
*March,*
1840.

Bellows
. *v.*
Elliot and
Killum.

| | No. of div. | No of lots. | No. of acres in each lot. | Amount of tax. | Amount of cost & tax. | By whom paid. | Bidders' names. | Quantity sold. |
|---|---|---|---|---|---|---|---|---|
| | 1 | 22 | 8 | 2,4 | | J. Cranmore | | |
| Zadock Clark. | 2 | 69 | 115 | 34,5 | 72 | | Josiah Bellows, 2d | |
| | 3 | 33 | 72 | 21,6 | 54 | | Josiah Bellows, 2d | |

The above and foregoing sale book and tax bill for the collection of the 3 mill tax granted by the legislature of Vermont, at their October session in 1831, for the purpose of building a jail in said county of Essex, which sale was held on the 18th day of June, A. D. 1832, and the sale closed on the said 18th day of June. First column on the left hand are the proprietors names. Second column No. of division. The third column the number of each lot. The fourth column the number of acres to each lot. The fifth line the amount of tax. The sixth line the amount of tax and cost. The vendue was opened agreeably to advertisement and proceeded to sell lands as the law directs.

HENRY D. SHOFF, *first constable & collector.*

The whole of the lands on the within sales book, amounts to $38,54.

THOMAS G. FRENCH, ⎱ Selectmen
DANIEL SHOFF, JR. ⎰ of
DANIEL SMITH. Brunswick.

Brunswick, town clerk's office, July 10, 1832. Received the above for record and recorded and examined by Thomas G. French, town clerk.

(*Collector's advertisement.*)

Whereas, the legislature of the state of Vermont, at their session at Montpelier, in the year 1831, assessed a tax of three mills on each acre of land (public lands excepted) in the county of Essex in said state, for the purpose of building a jail in said county ; these are to warn the proprietors and land owners of the town of Brunswick in the county of Essex, who have not paid their proportion of said tax, that

Essex,
March,
1840.

Bellows
v.
Elliot and
Killum.

unless they pay the same to me, the subscriber, before the 18th day of June next, that so much of their land will be sold at public vendue, at my dwelling house in said Brunswick, in the county of Essex, on said 18th day of June next, at ten o'clock forenoon, as will be requisite to discharge their respective taxes with cost. Dated at Brunswick, March 21, 1832.

HENRY D. SHOFF, *first constable and collector.*

State of Vermont ⎫          Brunswick, town clerk's office,
Essex county, ss.  ⎬               July 10, 1832.

I do hereby certify that the foregoing is a true copy of the original advertisement published in the Vermont Republican, printed at Windsor, vol. 49, No's. 43, 44 & 45, dates March 31st, April 7th & 14th, 1832. In the North Star, printed at Danville, vol. 26, No's. 12, 13 & 14, dates April 3d, 10th & 17th, 1832. And in the Rutland Herald, printed at Rutland, vol. 38, No's. 15, 16 & 17, dates April 3d, 10th & 17th, 1832. Which several newspapers were this day presented to me and I have carefully examined and compared the foregoing copy with the same.

Attest, THOMAS G. FRENCH, town clerk.

Brunswick, town clerk's office, December 19th, 1836. I hereby certify that the above is a true copy of the original advertisements as appears of record, book 3, page 578.

Attest,     THOMAS G. FRENCH, town clerk.

*(List of unredeemed land.)*

List of forfeitures, Henry D. Shoff's sale, three mill tax, 1832.

| Original propri-etor's name. | No. of di-vision. | No. of the lot. | No. of acres in each lot. | No. of acres unredeemed. | Purchaser's name. |
|---|---|---|---|---|---|
| Zadock Clark. | 2 | 69 | 115 | whole | ⎫ Josiah Bellows,2d |
|  | 3 | 33 | 72 | whole | ⎬ |

Brunswick, June 20, 1833.
I hereby certify that the foregoing schedule contains a true list of all the land in Brunswick which remained unredeemed

Essex,
March,
1840.

Bellows
v.
Elliot and
Killum.

.within the term of one year from the sale at public vendue, legally notified and holden at said Brunswick, on the 18th day of June, A. D. 1833, for the purpose of satisfying a tax of three mills on each acre of land, in the county of Essex, assessed by the legislature of Vermont, A. D. 1831, for the purpose of building a jail in said county.

Attest.                    HENRY D. SHOFF, first constable.

Brunswick, town clerk's office, July 16, 1833. Received the foregoing schedule, and is recorded accordingly and examined by Benjamin Brown, town clerk."

The plaintiff also proved that said collector, Shoff, employed one Fairchild to assist him in making the writings, and that said Fairchild, in reciting the time of holding the vendue, in the certificate of the unredeemed lands, in one place, by mistake, inserted the year 1833, instead of 1832.

The county court decided that the evidence thus offered was insufficient to establish a title in the plaintiff to the land in question, under said sale, and the jury, under the charge of the court, returned a verdict for the defendants.

The plaintiff excepted to the decision of the county court.

O. P. Chandler and J. S. Wells, argued for the plaintiff and cited 10 Mass. R. 115 & note. Skinner v. Watson, 4 Vt. R. 421. 3 Stark. Ev. 1249 & note. Prop. Soc. v. Young, 2 N. H. Rep. 313. Colman v. Anderson, 10 Mass. 105. Gray v. Gardner, 3 do. 399. Pejepscut Proprietors v. Ransom, 14 do. 147. Adams v. Jackson, 2 Aik. R. 146. Spear v. Ditty, 8 Vt. R. 421. 3 Stark. Ev. 1017, 1021, note g. Stat. 656, 663, 674. 1 Mass. R. 256.

D. Hibbard jr., for defendant, contended that the records of the vendue sale did not establish a title in the plaintiff to the lands in question, because,

1. The treasurer did not publish the act of the legislature, granting the tax, in the North Star, Rutland Herald, and Vermont Republican, before the first of January, 1832.

2. The collector did not cause a certificate of his oath to be recorded in the town clerk's office.

3. It does not appear that the collector sold the lands in Brunswick.

4. The town clerk has not certified where the newspapers were printed.

5. The collector did not cause a list of the unredeemed

Essex,
*March,*
1840.

Bellows
*v.*
Elliot and
Killum.

lands to be recorded in thirty days after the redemption expired.

6. It does not appear, from the collector's return, that the land owners refused to pay the tax before the day of sale.

7. It does not appear, from the collector's sales, how much land he sold to pay the tax.

The opinion of the court was delivered by

Williams, Ch. J. The plaintiff claims title to the premises under a vendue sale. In all cases, where the owner of property is to be divested of his title, against his consent, by a proceeding under a statute, whether public or private, the person claiming under such proceedings must show a compliance with the provisions of the statute. Even in cases of execution, when it is beneficial to the debtor, and when his property is transferred at its full value, as well as in sales for taxes, this principle is rigidly adhered to, and it is not peculiar to this state, or confined to vendue sales. It is recognized and acted on in the other states, as well as in the supreme court of the United States. We are not at liberty to lose sight of this principle, out of regard to the peculiar situation of titles in any particular section. Questions in relation to lands should not be left unsettled, and when a decision is once made, it should be adhered to. When there has been an adjudication on the subject in the supreme court, lands are bought and sold, on the supposition that the adjudication was right. If it establishes a vendue, or sets it aside, it operates equally through the state, and although it may seem to have proceeded upon too limited views, and appear hypercritical, I should be disposed to adhere to it.

The rule which should govern in the investigation of all vendue titles, is this,—not that the court should be too refined and critical in endeavoring to hunt up objections, nor give effect to such as are frivolous and unnecessary, but to see whether all the provisions of the statute, however unimportant they may appear, have been complied with.

The legislature may declare what proceedings shall be had to pass a title, and it is not for us to say, that it might have been dispensed with, or that it is unimportant. The purchaser must prove that all these requisites have been com-

Essex,
March,
1840.

Bellows
v.
Elliot and
Killum.

plied with, and when he shows this, he is to be protected in his purchase, whether he gave much or little, or whether it is a hard case or not, as it respects the owner.

There ought to be a difference when the previous owner contests such proceedings, and where they are objected to by a mere stranger or trespasser, but whether there is, or is not, such a difference, we are not called on to decide.  In investigating the proceedings under a statute, the statute itself should receive a rational, and not a forced construction, to effect any particular purpose, and we should not be too astute either in finding defects or surmounting them.  Keeping these general principles in view, we will examine the proceedings in the vendue now before us.

The plaintiff, to establish his title, offered in evidence a law of this state assessing a tax on the county of Essex, and the proceedings under that act, including a sale and deed to him by the collector.  The court decided the evidence to be insufficient, and excluded it, and this was fatal to the plaintiff's title.  The question, therefore, in relation to the advertisement of the tax by the treasurer, is not before us.  If the county court had, in the first instance, decided that it was necessary to show such advertisement, the plaintiff might have given evidence relating to it.  Whether, therefore, it was essential to give validity to the sale, that this act should have been published in the newspapers directed by the act, we do not decide, but will proceed to the objections which have been taken, and notice them in their order.

This tax was granted in 1831, and assessed directly on the land.  First constables were appointed collectors, and in collecting, accounting, advertising, recording of proceedings, &c., they were to be governed by the general statute in relation to taxes granted by the legislature for making and repairing roads, &c.

It is objected, first, that the treasurer did not publish the tax.  This is not before us, as has been already said, for, perhaps it might have been shown that he did publish the tax, if the court had decided it to be necessary.

Second, that the collector did not cause a certificate of his oath to be recorded in the town clerk's office.  As to this, the provisions of the general statute, in this particular, do not apply.  No committee is appointed to receive bonds.  The

collector is a public officer, and it was not necessary to show his appointment, or that he was sworn. This point was decided in the case of *Adams* v. *Jackson*, 2 Aik. R. 145.

As to the third objection, it is sufficient to say that the advertisement was returned to the town clerk, and recorded with the other proceedings. The advertisement was dated at Brunswick, for the sale of lands in Brunswick, and the vendue was to be holden in Brunswick. From this, it sufficiently appears that the sale was at Brunswick, and of lands in the town of Brunswick, and to express any doubt as to it, would be indulging in a spirit of criticism altogether beyond that, which, as judges and rational men, we should be authorized to do.

The fourth objection is, that the town clerk has omitted to certify the place where the several papers were printed. The certificate, however, appears to be in the words used in the statute. We are to take notice that Danville, Rutland, and Windsor, are in this state, and are not to notice that there are, or may be, other towns of the same name in another state.

The fifth objection is, that the collector did not cause a list of the unredeemed lands to be recorded within thirty days after the redemption had expired. This may be answered by denying the fact. The mistake of inserting 1833, as the year of sale, is too obvious to require any explanation. The heading of the list was a sale of 1832. The date of the certificate of the return was June 20, 1833, and was received for record in July, 1833, and stated to be a return of lands remaining unredeemed *for one year*. No parol testimony was necessary to show the mistake in inserting 1833, as the time of sale, instead of 1832, at which time, it appears by the other records, the vendue was held.

As to the sixth objection, it has never been considered necessary that, in the return of the sales by the collector, he should state, that the proprietors had neglected to pay the tax. If they had not neglected, the sale would not affect them.

As to the seventh objection, it may be remarked that the statute prescribes no form in which the return should be made. If in the sixth column, next before the bidder's name, the word *sold* had been inserted, it would have appeared

that the whole lot was sold, and we think the inference is equally clear that the whole lot was sold unless a less quantity had been put in the last column, and that, in the return, it sufficiently appears that the collector sold the whole lot. This disposes of all the objections taken to this vendue, and the conclusion is that the judgment of the county court, in which they rejected these proceedings as insufficient, must be reversed.