## CHESTER DOWNER ET AL. *v.* DANIEL TARBELL.

*Recitals in Tax Deed not Evidence. No Presumption in Favor of Regularity. No.* 85, *Acts* 1886.

1. The recitals in a tax deed as to the preliminary proceedings are no evidence of the facts stated in such recitals.

2. Where the grantee has never been in possession under a tax deed there is no presumption in favor of the regularity of such proceedings.

3. One in possession under claim and color of title is not a mere intruder, but stands the same with reference to one claiming under a tax deed as would the former owner.

4. In the case of one so in possession Act No. 85, 1886, providing that the payment of taxes for twenty years by the grantee in a tax deed shall perfect his title as against a trespasser, does not apply.

This was an action of trespass *de bonis*, with a count in trover, for the cutting and taking away of logs and wood from lots numbered 106 and 107 in the town of Granville. The case was heard on the report of referee at the December Term, 1888, Powers, J., presiding.

It was admitted that the plaintiffs owned lot No. 106, but the location of the line was in dispute. The plaintiffs derived their title to lot No. 107 through a chain of title from Samuel Bass, who derived his title from two tax deeds, one dated Jan. 4, 1799, and the other May 1st, 1812. The latter deed was recorded June 18, 1812. The defendant was in possession, claiming under a succession of deeds beginning in 1856.

The referee found that the damages to lot No. 107 were $350. That if the extent of lot No. 106 was as claimed by the plaintiffs, the damages to it were $250, but if as claimed by the defendant, $100. The court rendered judgment for $350 damages to lot No. 107, and $250 for damages to lot No. 106, and granted a certified execution, to which the defendant excepted.

*C. .M. Lamb* and *D. C. Denison,* for the defendant.

The deed of Downer's administrator to French, January, 1873, of lot No. 107, is void as to Bramhall and those holding under him, because at the time of its execution and delivery, Bramhall had actual and constructive possession of the premises. *Ripley* v. *Paige,* 19 Vt. 156 ; *Hodges* v. *Graves,* 39 Vt. 359 ; R. L. s. 1953.

The record of Bramhall's deeds of lot No. 107 was notice to the world that he was in possession under a claim of title. *Shaw* v. *Beebe,* 35 Vt. 204 ; *Hughes* v. *Eddy,* 58 Vt. 327.

The payment of taxes can have no effect in deciding the title to land, while held adversely by one in possession. *Reed* v. *Field,* 15 Vt. 672.

The facts found by the master do not show a wilful trespass.

*French & Southgate,* for the plaintiff.

After so long an acquiescence in the tax sales and deeds to Samuel Bass, and recognition by the officers of the town, and payment of taxes for over forty years, the regularity of the collector's proceedings should be presumed. *Freman* v. *Thayer,* 33 Me. 76, 84 ; *Knox et al.* v. *Jenks,* 7 Mass. 488, 492 ; *Gray* v. *Gardner,* 3 Mass. 402 ; *Battles* v. *Holly,* 6 Greenl. 145.

The title is established in the plaintiffs because the property has been listed to them and they have paid the taxes thereon, for the thirty-four years last passed. No. 85, Acts 1886.

The defendant being a mere trespasser, the plaintiffs are not called on to prove the validity of the tax sale. Blackw. Tax Tit. p. 75 and cases cited. *Bellows* v. *Elliot,* 12 Vt. 569, 575 ; *Smith et al.* v. *Bodfish,* 27 Me. 289.

In surveying lots Nos. 106 and 107, the surveyor commenced at a base shown him by defendant. Therefore, defendant is now estopped from claiming that said survey is not correct.

Defendant did not gain title to lot No. 107 by adverse possession, because he held record title to only two-thirds of said lot. *Selleck* v. *Star,* 6 Vt. 194.

Downer et al. *v.* Tarbell.

The trespass on each lot was wilful and malicious and the judgment for a certified execution should be affirmed. R. L. s. 1502.

. The opinion of the court was delivered by

TAFT, J. As to lot No. 107. The plaintiffs never had actual nor constructive possession of lot No. 107. They stand upon their title derived from Samuel Bass, who held under tax titles of the years 1799 and 1812. They have no evidence of the proceedings in relation to the sales prior to the deeds from the tax collectors. The recitals in the deeds of the preliminary proceedings are not evidence of the facts stated in such recitals. *Hall* v. *Collins*, 4 Vt. 316; *Spear* v. *Ditty*, 8 Vt. 419; *Reed* v. *Field*, 15 Vt. 672; *Brown* v. *Wright*, 17 Vt. 97; *Townsend* v. *Downer*, 32 Vt. 190; 2 Blackw. on Tax Titles, s. 1132; Black on Tax Titles, s. 247. Where the party is not and never has been in possession, no presumption should be made in favor of their regularity. Where no possession accompanies the tax deed, the presumption is rather against its validity. The neglect to assert its validity for, as in this case, eighty years, argues a defect in it. In such a case no presumption ought to be indulged in to support a stale claim, one which the party did not assert in a reasonable time after he acquired his right. *Brown* v. *Wright, supra*; *Hole* v. *Rittenhouse*, 19 Pa. St. 305; 2 Blackw. on Tax Titles, ss. 1098, 1105, *et seq.;* Black on Tax Titles, s. 261. But the plaintiffs say that the defendant is a trespasser, and as against him the presumption of regularity in the proceedings prior to the tax. deed applies; that proof of them is only required against the original owner, and cite *Bellows* v. *Elliot*, 12 Vt. 569. It was not so held in that case, but conceding the doctrine, and that it can be invoked by one never in possession, the rule is " that one who is in possession of land under claim and color of title is not. a mere intruder, and as against such, the holder of the tax title must show the same jurisdiction of the sheriff (tax collector) to sell, as against the former owner." Black on Tax Titles, s. 248, citing *Miller* v. *McCullough*, 4 Pitts. L. J. 223. Tarbell, the

defendant, is in actual adverse possession under color of, and claiming title, therefore the rule, as to trespassers in the respect claimed, does not apply.

The plaintiffs further insist that the act of 1886, No. 85, renders their title valid as against the defendant. That act provides that when lands have been listed to the grantee in a collector's deed, or to his grantees, for a period of twenty years or more, and taxes paid thereon, the title shall be valid against persons subsequently entering thereon without having any legal title thereto, *i. e.*, intruders or trespassers. The lot was first set in the list to the plaintiff's grantor in 1847, the twenty years expired in 1867. Conceding the validity of the act of 1886, which is questionable, the report shows that the defendant is in actual adverse possession, under color of title beginning as early at least as 1856 ; he is not a mere intruder, nor trespasser, but a *bona fide* claimant of the land, in possession, and the statute has no application as to him.

As to lot No. 106. The defendant concedes the plaintiff's title to this lot. The question is as to its location, whether the east line of it is where the plaintiffs claim it is, or forty-two rods west of it. The burden of showing the location of the line is upon the plaintiffs. It is not shown by the report that the line of the lot is as claimed by the plaintiffs. Many facts bearing upon the question of its location are found by the referee, but are as consistent with the line being in one place as in the other. As the fact of location does not appear to be where the plaintiffs claim it is, they are entitled to recover for the trespasses west of the admitted line only, that being the extent to which they show title to the lot.

*Judgment reversed and judgment for the plaintiffs for one hundred dollars and interest since 24th November, 1881, and judgment as to certified execution affirmed.*