## ALDEN E. JUDEVINE AND RESOLVED MACK *v.* ARAD JACKSON AND RICHARD F. ABBOTT.

It is a condition precedent to the passing of any title by a collector's deed of real estate, that the proceedings of the officers, who have any thing to do with the assessing or collecting the tax, or recording the proceedings, whether to be performed before or after the sale, should be in strict and literal compliance with the requirements of the statute.

If, upon the sale of lands for payment of taxes assessed by a town, the town clerk, in his record of the proceedings, has neglected to certify, that the collector's advertisement of his sale published as required by law, the sale is invalid, and no title is passed to the purchaser by the collector's deed.

And the town clerk has no authority to amend his record in this respect, after the time for redeeming the land has expired.

TRESPASS *quare clausum fregit.* Plea, the general issue, and trial by the court,—REDFIELD, J., presiding.

On trial the plaintiff proved their title to the *locus in quo,* and their possession of the same, and the acts of trespass thereon committed by the defendants. The defendants then gave in evidence a deed of the premises from Ira McLoud, as collector of taxes, to one

Drew,—McLoud being collector of taxes for the town of Woodbury, and having sold the land in question, in October, 1843, as collector, for non-payment of taxes assessed by the town in the year 1842. The defendants also gave in evidence a deed of the same premises from Drew to the defendant Abbott, and proved that Jackson committed the trespass, charged by the plaintiffs, under the direction of Abbott. The defendants also gave in evidence copies from the records of the town of Woodbury, showing the proceedings of McLoud in the sale of the lands in question, as collector; and the county court adjudged that the collector's deed passed no title to the premises, for the reason that the town clerk had omitted to certify upon his record, that the collector's advertisement of his sale was published as required by law. Other objections were taken to the validity of the collector's deed, which need not be noticed, as they were not considered by the court.

The defendants then moved the court, that the town clerk, who was in court with his records, be permitted to correct the record in this particular, and make the proper certificate. But the court refused to grant such permission, and rendered judgment for the plaintiffs. Exceptions by defendants.

*Kinsman* and *French* for defendants.

1. The collectors deed was sufficient to convey the title in the premises to the defendant Abbott.

2. It is competent for a town clerk, at any time while he remains in office, to amend, fill up and correct, consistent with and according to the facts, records made by him. *Hoag et al. v. Durfey*, 1 Aik. 286. *Wells et al. v. Battelle et al.*, 11 Mass. 477.

———— for plaintiffs.

The advertisement should be recorded in the town clerk's office, and the town clerk should certify, that the same has been published as required by law. *Culver v. Hayden*, 1 Vt. 359. 6 Vt. 181. 12 Vt. 673. This objection cannot be obviated by perfecting the record, in that particular, in court. There is a material distinction between the recording a deed, to make it legal evidence, and the recording this certificate, required by statute. For by the execution and delivery of the deed the title passes, and the recording only

affects it as matter of evidence. But the recording the collector's advertisement is a condition precedent to the passing of the title. To hold the statute as declaratory, merely, would practically defeat its design. *Harrington v. Gage*, 6 Vt. 532.

The opinion of the court was delivered by

WILLIAMS, Ch. J. In this case the defendants claim title by virtue of a collecter's deed. There appear to be several defects in the proceedings, under which the land in question was sold to the defendants. Our attention will be confined to the defect, which was considered by the county court, without any farther inquiry as to the validity of the sale.

In all vendue sales it has been required, that there should be a strict compliance with the requirements of the statute, or no title passes to the purchaser. It is a condition precedent to the passing of any title, that the proceedings of the officers, who have any thing to do with the assessing, or collecting, the tax, or recording the proceedings, whether to be performed before or after the sale, should be in strict and literal compliance with the requirements of the statute. The case of *Sumner* v. *Sherman*, 13 Vt. 609, in relation to the Hibbard vendue, shows the principles which have governed the court in this particular. There is no reason why these principles should be in any way relaxed.

In regard to the sales by the collectors, on the taxes for which this sale was made, duties are by law imposed on the collector and on the town clerk; and it is specially required, that the town clerk shall record the advertisements and " shall certify whether the same have been published as required by law." Purchasers and landowners are to look to the records, to ascertain whether a vendue is correct and valid, and whether it is necessary for the owner to redeem. The records must contain full and plenary evidence in this particular. Hence it is obvious, that, if the certificate of the town clerk, as to the publication of the advertisement, is omitted, there is no legal eveidence, that the advertisement has been published, as required by law. The purchaser may find, that he has no title ; and the owner may omit to redeem, inasmuch as his land has not been legally sold. The decision of the county court was undoubtedly correct on this question.

' It appears, that application was made to the county court to permit the town clerk to amend his record. The court have no control over the town clerk, or his records. But he could not, either with or without their permission, or the permission or direction of any one else, do any act, or make a record, to render a sale valid, which was not valid before, or to vest a title in a purchaser, or to divest a title from the owner, if the sale was not already perfect. The sale was in October, 1843; the time for redemption expired in October, 1844; and the offer to amend the record was not made until after that time. It would have been, at any time, obviously improper and illegal for a clerk to alter his records, in order to give efficiency to a sale, or to destroy it.

The judgment of the county court is affirmed.