### John B. Langdon *v.* Gardner Poor.

The making of the advertisement of his sale, by the collector of a particular land tax, is an official act; and, if made before he is qualified by being sworn, his sale is void;—and the date, appearing upon the advertisement, must be taken as *prima facie* evidence, at least, of the time of making it.

If the advertisement, as recorded, describe the act granting the tax as an act assessing a tax "for the purpose of making and repairing and building bridges," when the act itself was "for the purpose of making and repairing *roads* and building bridges," this is such a material omission, as will render invalid the sale under such advertisement.

And the town clerk cannot, after the expiration of the time for redeeming the land, amend such record, even so as to make it correspond with the original advertisement. The statute requires, that the *record* should contain full evidence of the making of the advertisement and of its publication.

EJECTMENT for land in Middlesex. Plea, the general issue, and trial by jury.

On trial the plaintiff, in support of his title, offered in evidence the record of the proceedings under the statute of November 9, 1826,

assessing a tax of two cents on each acre of land in Middlesex, for the purpose of making and repairing roads and building bridges in said town. From the record offered it appeared, that the collector's advertisement was dated June 7, 1828, and that the certificate of his oath and his warrant were dated June 10, 1828. It also appeared from the record, that the collector's advertisement described the act as assessing a tax "for the purpose of making and repairing and building bridges." For these reasons, and others, which need not be stated, as they were not passed upon by the supreme court, the defendant objected to the admission of the record; and the court sustained the objection and directed a verdict for the defendant. Exceptions by plaintiff.

Upon the hearing in the supreme court, the defendant alleged, that the copy of the record, produced by the plaintiff in court, was not a true copy; and a *subpœna duce tecum* was issued to the town clerk, and he brought in the original record. From this it appeared, that the word "*roads*" had been interlined upon the record of the advertisement, so as to show, that the tax was assessed "for the purpose of making and repairing *roads* and building bridges;" and it was admitted, that this was done since the trial in the county court, —the town clerk saying, not sworn, that the word was in the original advertisement and was omitted by him (he then and ever since having been town clerk) by mistake, and that he supposed he had a right to amend the record and make it as it should have been.

*L. B. Peck* for plaintiff.

The collector was sworn and his bond executed before the advertisement was published. The date of the advertisement ought not to defeat the collector's proceedings. Its publication is the substance of the thing, while its date is mere form, and might have been omitted, without affecting the validity of the proceeding.

*T. Reed* for defendant.

1. The statute, in prescribing a form,—Slade's St. 663,—requires the collector to date his advertisements. This is done to show when he prepares them for the printer. That the act of preparing his advertisements is an essential part of the "duties of his office" is manifest from the particularity, with which the statute,—Slade's

Langdon *v.* Poor.

St. 664,—directs how the form given shall be filled up. Indeed, it is all that the collector has to do, in the important matter of giving notice of his sale,—the publication being the act of the printer appointed by law for that purpose. This duty having been performed, in the case at bar, before the collector was sworn, his entire proceedings are void. *Coit* v. *Wells*, 2 Vt. 318.

2. The collector's advertisement describes a different statute from the one passed by the legislature assessing the tax. This is a double error, being a misdescription of the statute granting the tax, and a departure from the prescribed form in the statute, and is a fatal defect, according to the reasons given by the court in *Isaacs* v. *Wiley*, 12 Vt. 674.

The opinion of the court was delivered by

HALL, J. In order to make a good title to land in this state, under a sale for taxes, great strictness has always been required in the observance of statute requirements. It has sometimes been said, that a literal compliance with the statute provisions, by all the officers connected with the proceedings, is a condition precedent to the passing of any title. Perhaps the term *literal*, in its confined sense, is rather too strong. A clear and strict compliance has always been held indispensable, even in regard to matters, which, but for the statute, would appear to be of no importance.

The statute regulating the mode of proceeding in the collection of taxes of the description of that in this case,—Slade's St. 665 ; Rev. St. c. 86, § 9,—provides, that the collector, " before he enters upon the duties of his office," shall be duly sworn and give bonds to the committee for the faithful discharge of the duties of his office. In this case the collector's advertisement for the sale of lands is dated June 7, 1828, and he does not appear to have been sworn until the 10th of June, three days afterwards. We feel constrained to hold the making of the advertisement to be an official act. The form of the advertisement is prescribed by statute, and the date constitutes a part of it. Whether the making of the advertisement might be shown to have been on a different day from its date it is unnecessary to decide, no such evidence having been offered. The date appearing upon it must, we think, be taken as *prima facie* evidence, at least, of the time of making it ; and we must consequently

'hold, that the requirement of the statute, that the collector should be sworn previous to his entering upon the duties of his office, has not been complied with.

The statute farther provides,—Slade's St. 666, § 3; Rev. St. c. 86, § 12,—that the collector's advertisement for the sale of lands shall be recorded in the town clerk's office; and it makes a copy of such record evidence of such advertisement and of its publication. In *Judevine* v. *Jackson*, 18 Vt. 470, it was held, that the record must contain full and plenary evidence in this particular, and that a town clerk could not, either with or without leave of court, alter or amend the record of his advertisement, so as to affect the title, after the time for redeeming the land had expired. In this case, in the advertisement as recorded, (and that is to be taken to have been the advertisement as published,) the act granting the tax is described as an act assessing a tax " for the purpose of making and repairing and building bridges; " whereas the act itself was " for the purpose of making and repairing *roads* and building bridges,"—the word *roads* having been omitted in the advertisement. In *Isaacs* v. *Wiley*, 12 Vt. 674, it was held, that the omission of the word *bridges*, in an advertisement under a similar act, was not a fatal defect,—for the reason that the word road, in the advertisement, comprehended bridges, and consequently the purpose of the act was intelligibly stated, though not in the exact words of the act. But in this case it cannot be said, that the purpose of the act is intelligibly stated in the advertisement. The word *bridges* is of lesser extent in signification than the word *roads*, and comprehends only particular portions of roads of a peculiar construction. If the tax had been " for making and repairing and building bridges " only, as stated in the advertisement, the money raised could not have been properly applied to the repair or construction of roads generally, but must have been exclusively expended upon bridges alone. The land not having been advertised for sale for the purpose contemplated by the act assessing the tax, the owners were at liberty to disregard the notice, and to neglect to pay the tax, or redeem the land.

For these two defects in the tax proceedings, without considering the other objections, that have been made, we hold, that the collector's deed failed to pass the title to the land. The judgment of the county court is therefore affirmed.