EMERSON BRUSH *v.* CHARLES A. WATSON.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and MILES, JJ.

Opinion filed March 4, 1908.

*Equity—Bill to Quiet Title—Collection of Taxes—Sale of Non-residents' Land—Requisite Formalities—Notice to Non-resident—Failure to Give—Effect—Sale of More Land than Necessary—Effect—Statutes—Construction—"May" means "Must"—V. S. 504—Proceedings In Invitum—Burden of Proof on One Claiming Thereunder—Presumptions.*

A person who claims title to real estate under a tax collector's deed thereof has the burden of proving every act necessary to the validity of the tax, the levy, and the sale.

In V. S. 504, providing that, when a tax collector has for collection a tax against a nonresident of his town, "he may notify such person thereof by a letter containing a statement of the amount of such tax and where the collector will receive payment thereof," etc., the word "may" means *must*, and without such notice the collector can make no valid sale of the nonresident's real estate, unless, on demand, the latter unequivocally refuses to pay the tax.

Equity will remove from the orator's title to real estate the cloud created by a tax collector's sale and deed thereof to defendant, where it appears that, at the time of the assessment, levy, and sale in question, the orator was the owner of the real estate and a nonresident of the town in which it was situated, and the master was unable to find that the collector ever gave the orator any notice of the time and place when and where he would be to receive the tax, or that he ever demanded payment thereof from the orator.

Since V. S. 498, authorizing the sale of nonresidents' lands for unpaid taxes, provides that the collector "shall sell so much of said land as is necessary to pay such unpaid taxes thereon, with the costs," the right of sale is so limited; and where the collector sold 108 acres of such land, worth $4,000, for only $20.21, the amount of the

unpaid tax and costs, the sale and the collector's deed of the land to the purchaser were void.

In a suit in chancery by such nonresident against such purchaser to set aside the tax collector's deed as a cloud on the orator's title, the extreme inadequacy of the consideration will be taken *prima facie* to establish that it was unnecessary to sell the whole of the land to satisfy a tax and costs of only $20.21.

In such suit, the orator is not required to show that the collector sold more land than was necessary to satisfy the tax and costs, but the burden is on defendant to prove that only the requisite amount was sold.

No presumptions are made in favor of proceedings *in invitum;* and a party claiming title thereunder must show that they were had in strict compliance with the requirements of law.

APPEAL IN CHANCERY. Heard on pleadings, master's report, and exceptions thereto, at the June Term, 1906, Caledonia County, *Waterman,* Chancellor. Exceptions overruled, *pro forma,* and, *pro forma,* decree for the orator "in accordance with the prayer of the bill." The defendant appealed. The master reported that the $20.21, for which the tax collector sold the land in question to the defendant, was the amount of the unpaid tax thereon, with costs. The opinion fully states the case.

*B. E. Bullard,* and *T. C. Cheney* for the orator.

One who claims title to land under a tax collector's deed has the burden of proving every act that the law requires in the assessment and levy of the tax, and in connection with the sale of the land. *Hall* v. *Collins,* 4 Vt. 316; *Spear* v. *Ditty,* 9 Vt. 282; *Bellows* v. *Elliott,* 12 Vt. 574; *Sumner* v. *Sherman,* 13 Vt. 612; *Carpenter* v. *Sawyer,* 17 Vt. 124; *May et al.* v. *Wright,* 17 Vt. 97; *Langdon* v. *Poor,* 20 Vt. 15; *Chandler* v. *Spear,* 22 Vt. 388; *Townsend* v. *Downer,* 32 Vt. 183; *Cummings* v. *Holt,* 56 Vt. 384.

A tax deed is not evidence of title without affirmative proof that *all* the requisites of the law, from the listing of the property to the execution of the deed, have been strictly complied with. *Reed* v. *Field,* 15 Vt. 672; *Brown* v. *Wright,* 17 Vt. 97; *Jeude-*

*vine* v. *Jackson,* 18 Vt. 470; *Wing* v. *Hall,* 47 Vt. 182; *Downer* v. *Farrell,* 61 Vt. 530.

The fact that the orator neither had the notice required by V. S. 504, nor was ever asked to pay the tax, renders the collector's sale and deed to defendant void. *Downer* v. *Woodbury,* 19 Vt. 329; *Wheelock* v. *Archer,* 26 Vt. 890; *Hurlburt* v. *Green,* 42 Vt. 316; *Dugan* v. *Baltimore,* 1 Gill & J. 499.

The deed was also rendered void by the fact that the collector sold more land than was necessary to pay tax thereon, with the costs. And this is so, aside from the provision of V. S. 498. 2 Desty, Taxation, 868; 25 Am. & Eng. Enc. of Law (1st Ed.) 384; *Allen* v. *Morse,* 72 Me. 502; *Stead* v. *Course,* 8 U. S. 403; *Brinson* v. *Lassiter,* 81 Ga. 40; *Doane* v. *Chittenden,* 25 Ga. 103; *Loomis* v. *Pingree,* 43 Me. 299; *Ainsworth* v. *Deane,* 21 N. H. 400; *Clark* v. *Rowan,* 53 Ala. 400.

It is not necessary for the orator to show that more land was sold than was necessary to pay this tax and the costs. But it must have been shown by the collector's return that no more was sold than was necessary. It has been repeatedly held that the sale is invalid if the whole tract is sold and the collector does not certify in his return that it was necessary to sell the whole in order to pay the taxes, etc. *French* v. *Patterson,* 61 Me. 380; *Wiggin* v. *Temple,* 73 Me. 380; *Straw* v. *Poor,* 74 Me. 53; *Brookings* v. *Woodlin,* 74 Me. 222.

*J. P. Lamson,* and *George W. Wing* for the defendant.

The sale of the property was advertised, and the presumption is that it was correctly advertised, if the contrary does not appear. *Wheelock* v. *Wilbur,* 26 Vt. 380.

It was the duty of the collector to advertise the whole lot, giving a description of the same as set out in section 496 of the V. S. and shall sell the whole lot if it becomes necessary to realize enough to pay the tax and legal charges. There is no evidence in the case or any fact found by the master that the collector was able to sell the property for more than enough to pay the taxes and legal charges. The orator does not claim that there was any fraud or unfairness on the part of the collector in the sale of the land or that he did not realize out of the land all he was able to. There is nothing in the record or

in the report or elsewhere nor any claim made by the orator that has any tendency to show that it did not take the whole of said land to pay the tax and legal charges. The collector must act in good faith. It does not appear that he acted otherwise.

MILES, J. This is a bill in chancery to remove a cloud from the title of about one hundred and eight acres of land, part of lot No. 96 and the whole of lot No. 101 in the second and third divisions in Woodbury, Vt. The alleged cloud consists of a collector's deed bearing date April 6, 1899. The deed is based upon an alleged vendue sale to the defendant on the 26th day of March, A. D. 1898, to satisfy a tax assessed against the orator for the sum of $18.50 and $1.71 costs of collection. It is not disputed but that the orator's title to the land in question is perfect, if the defendant's is void. The defendant claims that his title is valid and therefore is not a cloud upon the orator's title, but is the title itself, and is superior to and destructive of the orator's claimed title.

The law is well settled in this State, that one who claims under a collector's deed based upon a sale to satisfy a tax assessed upon the real estate sold, sustains the burden of proving the regularity of every antecedent act necessary to the validity of the tax, the levy, and sale. *Hall* v. *Collins,* 4 Vt. 316; *Spear* v. *Ditty,* 9 Vt. 282; *Bellows* v. *Elliott,* 12 Vt. 574; *Sumner* v. *Sherman,* 13 Vt. 612; *Carpenter* v. *Sawyer,* 17 Vt. 121; *May* v. *Wright,* 17 Vt. 97; *Langdon* v. *Poor,* 20 Vt. 13; *Chandler* v. *Spear,* 22 Vt. 388; *Townsend* v. *Downer,* 32 Vt. 183; *Cummings* v. *Holt,* 56 Vt. 384; *Downer* v. *Farrell,* 61 Vt. 530, 17 Atl. 482.

Numerous objections are raised by the orator to the validity of the defendant's title, among which is the objection that no notice is shown to have been given by the collector to the orator of the time and place when and where he would be to receive the tax, before making the levy and sale; and the further objection that it does not appear in the master's report that the collector sold no more real estate than was necessary to satisfy the tax and legal charges.

The orator was a nonresident at the time of the assessment, levy, and sale. The master reports that he is unable to find that the collector ever gave the orator any notice of the time and place when and where he would be to receive the tax; nor

did he find that there was any demand made by the collector upon the orator for its payment. The defendant's solicitors claim that the law does not require a collector to notify an absent taxpayer, but simply permits him to do so; because the statute relating to notice to an absent taxpayer, sec. 504 V. S., is permissive and not mandatory; that the section says: "he *may* notify such person thereof by letter" and not that he *must;* that, if the Legislature had intended to make it mandatory upon the collector to notify him, it would have used the word *must* instead of *may.* The defendant, however, does not contend but that a failure to give such notice to a resident taxpayer, as required by sec. 472 V. S., would render such levy and sale void; but it is urged that in this section the word *shall* is used instead of *may.* All the cases in this State hold that the notice to resident taxpayers of the time and place when and where the collector will be to receive the tax, is an essential part of the duty of the collector, and that no valid sale can be made without it, unless excused by a demand and unequivocal refusal to pay. *Downer* v. *Woodbury,* 19 Vt. 329; *Wheelock* v. *Archer,* 26 Vt. 380; *Hurlburt* v. *Green,* 42 Vt. 316; *Brock* v. *Bruce,* 58 Vt. 261, 2 Atl. 598. We are unable to adopt the claim and reasons of the defendant respecting the construction of sec. 504, V. S., as we see no reason why the notice to a resident taxpayer should be so strictly required and none required in the case of a nonresident. The importance of such a notice in all cases is readily seen when we remember that this method of transferring title is a proceeding *in invitum,* which takes the taxpayer's property and sells it in a summary manner without his agency. Before his property is thus taken the taxpayer ought to have fair notice that the collector has a tax against him, the amount and when and where he can pay it; and no question is made, but that in case of resident taxpayers such notice is required by statute. The importance which the Court has placed upon such a notice to a resident taxpayer is well shown in the case of *Brock* v. *Bruce, supra.* There the collector called upon the taxpayer on two or three different occasions, showed him the tax and told him he should be at home any day to receive it, but the taxpayer refused to pay it. This Court held that notice insufficient, in that it did not comply with the requirements of the statute in fixing a time and place when and where the collector would be

to receive it and that the case did not show that the refusal was an absolute refusal to pay at any and all times, and the case was remanded that the question of whether the refusal was absolute and of such a character as to excuse the collector in not giving the statutory notice, might be submitted to the jury.

We think that the notice should be given to a nonresident as well as to a resident, not only upon principle, but also upon a fair construction of section 504 V. S. The closing sentence of that section clearly points to the conclusion that *may* was used in the sense of *must;* for it declares: ''The time appointed for payment *shall* not be less than twenty days nor more than forty days from the time when the letter is deposited in the post-office.'' It would be unreasonable to hold that the Legislature intended to give the collector discretionary power to give or withhold the notice and at the same time made it an imperative duty that such notice should not be less than twenty nor more than forty days from the time it was deposited in the post-office and the time fixed for payment. It is more reasonable to hold that the Legislature intended that notice *must* be given in the case of a nonresident as well as a resident, but that it permitted such notice to be given by letter in the manner marked out by the statute, in lieu of any other notice or excuse for giving notice, such as demand and absolute refusal to pay.

The burden of proving notice to a nonresident, we think, is cast upon the defendant to the same extent and with the same strictness as in the case of a resident taxpayer; and the defendant having failed to prove such notice, fails to make out his title to the land in question, and the decree below might be sustained upon this ground alone without noticing any of the other objections to the defendant's title; but the other defect above mentioned, being equally serious, we have taken occasion to consider that also.

The right to sell real estate to satisfy a tax is wholly dependent upon the statute, 498, V. S., and the right to sell is limited to the authority expressed. By that section the collector is authorized to sell only ''so much of said land as is necessary to pay such unpaid taxes thereon with the costs.'' If he sells more than is necessary for that purpose, he exceeds the power conferred upon him by the law, and such sale is therefore void. In the case at bar, the collector sold the entire 108 acres which

the master has found was worth $4,000, to satisfy a tax and costs amounting to only $20.21. The extreme inadequacy of the consideration of the sale must lead any fair minded person to the conclusion that it was unnecessary to sell that entire property for the payment of that tax and costs; and this fact alone is a full answer to the defendant's contention, that the burden was upon the orator to prove that the collector did sell more than was necessary; but another answer to the defendant's contention may well be interposed. The burden of showing that the collector sold no more than was necessary to pay the tax and costs was upon the defendant, and not upon the orator to show that he sold more than was necessary. *Bellows* v. *Elliott, supra; Chandler* v. *Spear, supra; Cummings* v. *Holt, supra.* In the latter case the Court states the rule to be as follows: "But no presumptions are made in favor of proceedings *in invitum.* The party asserting the title claimed to arise from such proceedings must show a full and strict compliance with the requirements of the statute."

The absence in the master's findings of these facts so essentially necessary to support the defendant's claim of title, renders it unnecessary to consider the objections to the legality of the tax and other objections to the legality of the other proceedings of the collector; for the objections already considered show the defendant's claimed title wholly void.

*Decree below affirmed with costs and cause remanded.*