## John W. Peterson Et Al v. Clinton D. Moulton Et Al

[144 A2d 717]

May Term, 1958

Opinion Filed September 2, 1958.

*Finn & Davis* for the defendants.

*Harvey B. Otterman, Jr.,* for the plaintiffs.

**Cleary, C. J.** This is an action of ejectment. The complaint alleged that the defendants were unlawfully in possession of certain land and buildings thereon situated in the town of Topsham, Vermont, conveyed to the plaintiffs by deed of Robert W. Hodge, dated April 20, 1957, recorded in Book 33, Page 382 of the Topsham Land Records. The defendants pleaded the general issue, and also that they, at all times material, were the lawful owners and had continuous and uninterrupted possession of the property, that the plaintiffs had never been in possession and had never been entitled to possession. They also pleaded that said Hodge claimed title by virtue of a tax sale deed but that the deed was invalid. The plaintiffs filed a replication denying the defendants' claims and also alleging that prior to January 1, 1955 the defendants were and since have been residents of Topsham, Vermont; and that the

defendants had commenced no suit or action to question the validity of the tax sale within the time limited by V. S. 47, §871 through §874.

Hearing was by the court. Findings of fact were made and filed and judgment was for the plaintiffs. The case is here on the exceptions of the defendants to the admission of certain evidence; to some of the findings of fact, to the refusal to find as requested and to the judgment. It is necessary for us to mention and consider only two of them.

The trial court found that the manner of collection of the tax and the conduct of the sale of the defendants' property was in all respects legal and in conformity with the statutes relating thereto. The defendants excepted to that finding and to the failure to find as requested that the collector sold more of the property than was necessary to satisfy the tax and costs. The land and premises in question consists of 90 acres of tillage, pasture and woodland, with a dwelling, barn and outbuildings. At the time of the tax sale there was then due $105.04 for taxes, collection fees, warrant and costs. Robert W. Hodge made the only bid at the sale and stated he would take the entire property for the amount of the tax and costs due thereon. After a few seconds the tax collector announced that the property was so sold to Hodge. About a month after receiving a deed of the property Hodge sold it to the plaintiffs for $1200. Hodge testified he realized that the fair market value of the property was far in excess of the tax owed on it. The defendants' evidence tended to show it was worth from $2500 to $2800.

■■ V. S. 47, §865 expressly provides that "so much of said land may be sold as is necessary to pay such tax and costs." The right to sell real estate to satisfy a tax is wholly dependent upon the statute and is limited to the authority expressed. By that statute the collector is authorized to sell only so much of said land as is necessary to pay the unpaid taxes with the costs. If he sells more than is necessary for that purpose, he exceeds the power conferred upon him by the law, and such sale is therefore void. *Brush* v. *Watson*, 81 Vt 43, 48, 69 A 141.

■ The tax collector testified that at the time of the sale he was not concerned with the value of the property as opposed to the amount of the tax and at no time did he offer to the people present at the sale any portion less than the entire property. The enforcement of a tax is a proceeding *in invitum* and the requirements of the statute must be strictly complied with. *Richford Savings Bank & Trust Co.* v. *Thomas*, 111 Vt 393, 402, 17 A2d 239, and cases there cited. Whoever would justify collection of a tax from a taxpayer must establish the legality of every step in the taxing process, from beginning to end. *Smith & Son, Inc.,* v. *Hartford,* 109 Vt 326, 333, 196 A 281. A person claiming title to real estate under a tax collector's deed has the burden of proving every act necessary to the validity of the tax, levy, and sale. *Brush* v. *Watson,* 81 Vt 43, 46, 69 A 141. The plaintiffs in this case as a matter of law have failed to sustain their burden of proof on the essential proposition that the collector sold no more of the defendant's property than was necessary to pay the tax and costs. This being so, the defendant's exception to the finding of the trial court that the conduct of the sale of the defendants' property was in all respects legal and in conformity with the statutes relating thereto must be sustained. *Brush* v. *Watson,* 81 Vt 43, 49, 69 A 141.

■ The defendants also excepted to the following finding: "That no suit or proceedings have been commenced by the defendants or any of them to question the validity or conduct of any matter or thing in connection with the levy, assessment, collection of said taxes or sale within six months after the performance of any act relating thereto, nor has any such suit or action or proceeding been commenced nor relief sought until the filing of the answer of the defendants in this matter." The plaintiffs claim that the defendants are barred from attacking the validity of the tax sale because of V. S. 47, §§871 and 872. So far as here material these sections provide that in the case of a resident of this state, unless commenced within six months from the date of the levy on real estate by the tax collector, an action at law or in equity shall not lie wherein a taxpayer may question the validity of acts of the tax collector

relating to the collection of the tax either before or after the tax became delinquent. By their provisions V. S. 47, §§871 and 872 apply only to the commencement of an action and not to the right to defend against a suit for the possession of the property. It is a well established principle that such a right is never outlawed. A person in the possession of property cannot be required to bring an action against one claiming an adverse interest or title to such property. 34 Am Jur 29, 57 58; 53 CJS 1087-1089; *Terry* v. *Baskin*, Tex Com App, 44 SW 2d 929, 78 ALR 1067, 1072, and annotation; *Buty* v. *Goldfinch*, 74 Wash 532, 133 P 1057, 46 LRANS 1065; *Murrison* v. *Fenstermacher*, 166 Kan 568, 203 P2d 160, 7 ALR2d 1360 and annotation. Therefore the finding was immaterial and the exception need not be considered. *Noble* v. *Bird*, 116 Vt 17, 20, 68 A2d 793.

In their brief the defendants seemingly rely on estoppel or waiver because one of the plaintiffs was present at the tax sale and did not protest, citing 2 ALR2d 24 and *Farnum* v. *Perry*, 43 Vt 473. These authorities are not in point. They deal only with sales on executions after judgment. Neither estoppel nor waiver was pleaded, no issue or claim regarding it was made in the court below and it is mentioned here for the first time. The defendants argue, and rightly so, that estoppel and waiver are not for our consideration. *Shea* v. *Pilette*, 108 Vt 446, 453, 189 A 154, 109 ALR 933, and cases there cited. *The judgment is reversed. Judgment for the defendants and for their costs.*