### Thomas H. Turner v. Pall Spera

[433 A.2d 307]

No. 164-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 12, 1981

*Samuel C. FitzPatrick*, Montpelier, for Plaintiff.

*John A. McVickar*, Stowe, for Defendant.

**Underwood, J.** Plaintiff taxpayer brought suit in Lamoille Superior Court seeking to void the Stowe tax collector's deed to the defendant, the culmination of a tax sale of plaintiff's real estate in Stowe. The trial court, in granting defendant's motion for summary judgment, ruled that plaintiff's claim was barred by a one-year statute of limitations, 32 V.S.A. § 5294 (4), and that the tax collector's failure to publish notice of the tax sale by three successive advertisements in the local newspaper, as required by 32 V.S.A. § 5252 (2), was an omission of insufficient magnitude to negate jurisdiction to effectuate a tax sale. We agree and therefore affirm the judgment for the defendant.

At all relevant times, the plaintiff listed his address as "50 Avalon Trail, Webster, New York 14580" and tax bills were regularly mailed to that address. Although chronically delinquent, he would eventually pay his taxes after being dunned at the same address, remaining delinquent for anywhere from four to twelve months of any given year.

In 1973 and 1974, plaintiff failed to pay any real estate taxes whatsoever, although billed and dunned in the same manner as in previous years. As a result, the town treasurer issued a warrant to the tax collector commanding him to levy and collect the delinquent real estate taxes. Levy was made on March 17, 1975. After the levy, notice was sought to be given the plaintiff by four separate means. Notice was sent to the listed address by registered mail. This envelope was returned by the Webster post office with the notation "NOTIFIED." Notice was also sent by first class mail to the same address,

in an envelope which was never returned to the sender. Finally, notice was posted locally, in a public place, and published twice in the local newspaper.

In all respects except one, the notice procedure was in strict compliance with 32 V.S.A. § 5252. The only omission was the failure to publish notice for a third consecutive week in the newspaper. Furthermore, notification by first class mail is not a part of the statutory notice procedure.

In an action instituted on February 7, 1977, the plaintiff raised the defective notice as the basis for voiding the tax collector's deed to the defendant. He is, however, barred by a one-year statute of limitations, having commenced his action more than one year after the levy. 32 V.S.A. §§ 5294(4), 5295(2).

Alternatively, the plaintiff argues that the failure to publish notice for a third successive week constituted a jurisdictional defect, voiding the sale ab initio and thereby tolling the one-year statute of limitations. The plaintiff cites *Peterson v. Moulton,* 120 Vt. 439, 144 A.2d 717 (1958); *Spear v. Ditty,* 9 Vt. 282 (1837); and *Welborn v. Whitney,* 190 Okla. 630, 126 P.2d 263 (1942), in support of this proposition. We find each of these cases distinguishable and conclude that in the context of the entire notice procedure, the omission was not one of jurisdictional dimension.

In *Peterson,* the taxpayer defended an ejectment action by raising defects in the tax sale through which the plaintiff's grantor got title. Plaintiff sought to bar the defense by raising the six-month statute of limitations, predecessor to the current one-year statute contained in 32 V.S.A. § 5294(4). The statutory bar was held inapplicable to a taxpayer as defendant, however, and a successful defense ensued. *Peterson* inferentially recognized that a taxpayer, as plaintiff, would be barred from contesting a nonjurisdictional irregularity in an action brought after the statute of limitations had run. It is therefore consistent with our holding in this case.

*Spear* is equally unavailing to the plaintiff for two reasons. First, the defense of the statute of limitations was never raised in that case. Second, the statutory scheme in effect at that time apparently authorized tax sales on notice by publication alone. Thus, the omission was of far greater dimension

than the one with which we are presented. Here, notice was sent by registered mail, to the plaintiff's last known address, posted locally and published twice. The tax collector then went further than was required by statute, sending notice by first class mail as well. It was the plaintiff's duty to update his mailing address in the official records. Thus, if he in fact received no notice, he has only himself to blame. In view of the first class mailing, he was actually afforded more notice than that to which he was entitled by our law. The failure to publish notice for a third time was therefore not a defect of jurisdictional magnitude and certainly did not result in a failure of due process. Of the three statutory methods for notice set forth under 32 V.S.A. § 5252, publication is the one least likely to convey notice to a nonresident delinquent taxpayer, and notice by mail is the one most likely to achieve the desired result. Cf. *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *In re Estate of Duval*, 133 Vt. 197, 199, 332 A.2d 802, 803 (1975). See generally Note, *The Constitutionality of Notice by Publication in Tax Sale Proceedings*, 84 Yale L.J. 1505 (1975).

Plaintiff's reliance upon the *Welborn* case fares no better than *Peterson* and *Spear*. In *Welborn*, once again, publication was apparently the only method used to apprise the delinquent taxpayer of the impending sale. Lack of literal compliance was therefore held to be jurisdictional in scope. The case at bar can be distinguished by virtue of the two notices which were published, the public notice which was posted in the Town of Stowe, and the two notices which were sent by mail.

*Judgment affirmed.*