**In re BRENTWOOD CORPORATION, Debtor.**

**BANK OF VERMONT, Plaintiff,**

**v.**

**BRENTWOOD CORPORATION, Defendant.**

**Bankruptcy No. 93–10111 FGC.
Adv. Pro. No. 93–1025.**

United States Bankruptcy Court, D. Vermont.

Aug. 5, 1993.

L. Murphy, Law Offices of Langrock Sperry & Wool, Burlington, VT, for Bank of Vermont ("Bank").

M. Zimmerman, Law Offices of Palmisano Associates, Barre, VT, for Brentwood Corp. ("Brentwood").

## MEMORANDUM OF DECISION ON VALIDITY OF TAX SALE

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter [1] is before us on Bank's Motion for Judgment on the Pleadings in regard to Count I of Bank's Complaint for Declaratory Judgment and Recovery of Property. The motion arises out of discussions among the parties and the Court at the June 14, 1993 hearing on Brentwood's Motion to Dismiss Count II of the Com-

---

**1.** We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b) and the general reference to this Court by the United States District Court for the District of Vermont. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (O).

This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, as made applicable by F.R.Bkrtcy.P. 7052.

plaint, which we denied. Because the parties have submitted affidavits and matters outside the pleadings for our consideration, we will treat the motion as one for summary judgment, pursuant to F.R.Civ.P. 12(c), as made applicable to this proceeding by F.R.Bkrtcy.P. 7012.

The principal issue before us is whether a tax collector's failure to obtain a warrant before levying on property for past due taxes voids a subsequent tax sale *ab initio*. We hold that it does.

The material facts are apparently undisputed. The property in question is a 3.4–acre parcel located in a Town of Williston ("the Town") industrial zone, which requires a minimum lot size of two acres. The property was originally owned by Joseph G.E. Senesac, who granted Bank a mortgage on the property. Senesac later conveyed the property by warranty deed to John B. Senesac as trustee of the Joseph G.E. Senesac Trust Fund # 1 ("the Trust"). The Trust failed to pay real estate taxes on the property during the 1990–91 tax year, and the Town issued a Notice of Tax Sale for the property. The Notice of Tax Sale was properly recorded, published and sent to lienholders, including Bank. The tax collector, however, neglected to extend a warrant against the property, or to file a copy of such a warrant with the Town Clerk, both of which are required by 32 Vt.Stat.Ann. § 5252(1)[2] as prerequisites to a tax sale.

On November 7, 1991, Brentwood purchased the parcel at the tax sale for $5,269.57. At the time of the tax sale, the parcel's value was somewhere in the range of $350,000 to $450,000. Brentwood listed

Joseph M. Senesac, a relative of both John B. Senesac and Joseph G.E. Senesac, as its president and sole director.

After the sale, the tax collector failed to file and record the report of sale in the Town Clerk's office, as required by 32 Vt. Stat.Ann. § 5255.[3] On March 27, 1992, more than five months after the sale, Bank undertook a title search in preparation for a foreclosure action. This search failed to uncover the tax sale. A telephone call by Bank's counsel to the Town Clerk resulted only in the Clerk's advice that no sale had taken place according to the Town's land records, and that taxes were still due on the property. On April 10, 1992, Bank commenced an action for foreclosure in Chittenden Superior Court, and obtained a judgment and decree of foreclosure on August 11, 1992, for $240,852.65.

Subsequently, on December 4, 1992, Williston's tax collector conveyed the property to Brentwood by Tax Collector's Deed, which was recorded on December 12, 1992. An undated Report of Tax Sale was recorded in the Town's records on January 8, 1993. On January 25, 1993, the tax collector executed a warranty deed conveying the property to Brentwood, and recorded the deed the next day. No party redeemed the property prior to the final date of redemption of February 23, 1993.

Bank seeks a declaratory judgment that Brentwood has no legal or equitable interest in the property, the sale being void *ab initio* due to the tax collector's failure to record the sale within thirty days of its occurrence. Bank argues that it could have exercised its right of redemption if the tax collector had properly recorded a

**2.** 32 Vt.Stat.Ann. § 5252 provides, in pertinent part:

When the collector of taxes of a town or of a municipality within it has for collection a tax assessed against real estate in the town and the taxpayer is delinquent, the collector may extend his warrant on such land. If he so extends his warrant, the collector shall:
(1) File in the office of the town clerk for record a true and attested copy of his warrant and so much of the tax bill committed to him for collection as relates to the tax against the delinquent taxpayer, a sufficient description of the land so levied upon, and a statement in

writing that by virtue of the original tax warrant and tax bill committed to him for collection, he has levied upon the described land....

**3.** 32 Vt.Stat.Ann. § 5255 provides, in pertinent part:

Within thirty days after such sale of the land, the collector shall make a complete return of his doings and file the same for record in the town clerk's office of the town wherein such land lies, which return shall be prima facie evidence of the facts therein stated....

report of sale, which Bank would have discovered during its March 27, 1992 title search. Bank relies on *Peterson v. Moulton*, 120 Vt. 439, 442, 144, 144 A.2d 717 (1958) (citing *Brush v. Watson*, 81 Vt. 43, 46, 69 A. 141 (1906)), asserting that one who claims under a deed based upon a tax sale sustains the burden of proving the regularity of every antecedent act necessary to the validity of the tax, the levy, and the sale. In addition, Bank claims that the proper statute of limitations to apply is the three-year period applicable to the sale of real estate to collect taxes under 32 Vt. Stat.Ann. § 5263.[4] Even if we should find that the one-year statute of limitations of 32 Vt.Stat.Ann. § 5294[5] applies, however, Bank argues that the defects in procedure are of such jurisdictional dimensions that the sale should be rendered void *ab initio*. Finally, Bank argues that as a matter of law the transaction is void because the consideration paid was inadequate, and the tax collector should have sold off only so much of the property as was necessary to satisfy the taxes, interest, and costs. Bank relies on *Price v. Eland*, 149 Vt. 518, 523, 546 A.2d 793 (1988) to posit that when the consideration paid on a tax sale is so inadequate as to lead any fair-minded person to the conclusion that it was unnecessary to sell the entire property for the payment of the taxes and costs, that by itself is enough to establish that the collector sold more than was necessary. *Id.* (citing *Bogie v. Town of Barnet*, 129 Vt. 46, 53, 270 A.2d 898 (1970) (opinion on reargument)).

Brentwood responds that the statute does not state that the owner or mortgagee must be provided with a copy of the report of sale, or that it must be published. Brentwood also argues that literal compliance with the statutory requirements of a tax sale is no longer necessary because recent cases require merely substantial compliance with the statute, and the instant sale did in fact substantially comply with the statute. Bank received the notice of sale, so the report of sale was not necessary to provide notice of the sale's occur-

rence. Furthermore, Bank could have sent a representative to the sale or contacted the tax collector. Finally, Brentwood argues that the tax collector could not have sold any smaller portion of the lot due to zoning restrictions, and that the applicable statute of limitations is one year, as dictated by 32 Vt.Stat.Ann. § 5294(4).

## DISCUSSION

To prevail on a motion for summary judgment, the movant must satisfy the criteria set forth in F.R.Civ.P. 56 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7056. F.R.Civ.P. 56 provides in part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Eastman Machine Company, Inc. v. United States*, 841 F.2d 469 (2d Cir.1988); *Hossman v. Spradlin*, 812 F.2d 1019, 1020 (7th Cir.1987); *Clark v. Union Mutual Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

The primary purpose for granting a summary judgment motion is to avoid unnecessary trials where no genuine issue of material fact is in dispute. *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987). Thus, the function of a Bankruptcy Court when considering a motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be resolved. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202; *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Sum-

---

**4.** *See* page 87, *infra.*

**5.** *See* pages 87–88, *infra.*

mary judgment in favor of Bank is warranted in this case because the undisputed facts establish that Bank is entitled to judgment as a matter of law.

■ The first issue we must decide is which statute of limitations applies. If Brentwood is correct and the one-year statute applies, then we need proceed no further with our analysis. Bank argues for the three-year period provided by 32 Vt. Stat.Ann. § 5263, which states that

> [a]n action for the recovery of lands, or the possession thereof, shall not be maintained against the grantee of such lands in a tax collector's deed, duly recorded, or his heirs or assigns, when said grantee, his heirs or assigns have been in continuous and open possession of the land conveyed in such deed and have paid the taxes thereon, unless commenced within three years after the cause of action first accrues to the plaintiff or those under whom he claims.

Bank claims that because this action is one against a grantee of land by tax deed, § 5263 applies directly. Brentwood argues that the one-year limitations period of 32 Vt.Stat.Ann. § 5294(4) applies because this action concerns the validity of the tax collector's acts. This section states that

> [u]nless commenced within one year from the time that collection is sought to be enforced against the taxpayer by arrest, distraint or levy, an action shall not lie wherein a taxpayer may question the validity of ...
>
> (4) Acts of the tax collector relating to the collection of the tax either before or after the tax became delinquent.

Our task here is one of simple statutory construction, which begins with language of the statute itself. Where the meaning is clear, we need proceed no further.[6] We hold that the three-year period applies. Section 5294(4) applies only to actions by the taxpayer, whereas § 5263 applies to anyone claiming under the taxpayer. Bank in this action is claiming under the taxpayer, so only § 5263 applies. In addition, § 5263 is in Article 5 of Title 32, Chapter 133, which specifically deals with the sale of real estate, while § 5294 is in Article 6 and deals with the much more general topic of taxpayer defenses. The topic of real estate sales is more closely and specifically related to the issue at hand. Finally, the limitations period in § 5294 applies for one year from the point that collection is sought to be enforced against the taxpayer. As collection was never sought to be enforced against Bank, § 5294 does not apply in this case; § 5263 applies, and Bank's action is not time-barred.

■ The next issue is the validity of the tax sale. The tax collector's failure to extend a warrant on the property made the tax sale void *ab initio*. The warrant gives the tax collector the power to sell a delinquent taxpayer's property to collect taxes. Without the warrant, the tax collector has no legal right to sell the property. This requirement, explicitly mandated by Vermont's statutes, is generated by due process requirements. Not only does § 5252(1) unequivocally require a warrant as a precondition for a tax sale, the statutory scheme as a whole assumes compliance with the warrant requirement. For example, a municipality may only become a purchaser at a tax sale after a warrant is extended on the land. 32 Vt.Stat.Ann. § 5259.[7] In addition, 32 Vt.Stat.Ann. § 5255[8] contains a prototype report of sale which must be filed by the tax collector after the sale. This prototype begins, "By virtue of a warrant ... lawfully committed to me ..." This language plainly assumes that the warrant is a prerequisite to any sale by the tax collector. The same statute later refers to the tax collector "extend[ing] and levy[ing] [the] said warrant."

---

**6.** The Vermont Supreme Court has repeatedly reminded us that words in a statute without definition must be given their plain and commonly accepted meaning. *See, e.g., Callahan & Sons, Inc. v. Armstrong,* 125 Vt. 213, 216, 214 A.2d 70 (1965).

**7.** Section 5259 provides, in pertinent part:

> By the act of its mayor or selectmen, when a tax warrant is extended on any land in this state, the city or town by which the tax is assessed may become the purchaser at the tax sale thereof, if a bid not equal to the tax and costs is made at such sale....

**8.** *See* note 3, *supra.*

32 Vt.Stat.Ann. § 5255. The levy against the property is actually a levy by virtue of the warrant; therefore, without the filing of a warrant, there can be no levy. Consequently, in the instant case, the tax collector never obtained the right to sell the property, so Brentwood never obtained enforceable title. In addition, 32 Vt.Stat.Ann. § 5258 [9] which concerns tax sales of real estate, refers to a single fee for the levy and extending of the warrant on the property. This implies that the two must go together, and that the tax collector may not levy against the property unless he has first extended the warrant.

Black's Law Dictionary defines a land warrant as "[t]he evidence which the state, on good consideration, gives that the person therein named is entitled to the quantity of land therein specified...." Black's Law Dictionary, 5th Ed. (1979). Because the tax collector failed to extend a warrant against the land, there is no record evidence that the tax collector was entitled to the property. Consequently, the tax collector could not sell the property.

■ The tax collector's failure to extend the warrant against the subject property is of itself sufficient grounds for granting summary judgment to Bank. This Chapter 11 case and its related proceedings, however, have been hotly contested. Several of our bench decisions have been appealed. To ensure a full record in the event a District Court Judge on appeal disagrees with our holding on the warrant, we lay out the other procedural irregularities that we believe require granting summary judgment to Bank.

The tax collector failed to record a report of the tax sale with the Town Clerk's office within thirty days of the sale, as required by 32 Vt.Stat.Ann. § 5255.[10] Bank claims that it could have exercised its right of redemption within the one-year redemption period if the report of sale had been filed, because it would have appeared in the Town's records when Bank's counsel searched title prior to initiating the foreclosure action.

Bank argues that a person receiving title under a tax deed has the burden of proving that all requirements of law have been strictly complied with. Peterson v. Moulton, 120 Vt. 439, 442, 144 A.2d 717 (1958) (citing Brush v. Watson, 81 Vt. at 46, 69 A. 141 (1908)). Brentwood counters that the cases requiring strict compliance with the law at every step of the way in the process of conveying property by tax sale are old, and that more recent cases require only substantial compliance with the statute. Brentwood looks for support for this argument to Turner v. Spera, 140 Vt. 19, 433 A.2d 307 (1981). In Turner, the plaintiff taxpayer challenged a tax sale on the grounds that the tax collector only published notice of the tax sale for two consecutive weeks, not the three required by the statute. The Vermont Supreme Court held that the efforts taken by the tax collector to provide the taxpayer with actual notice exceeded the statutory requirements. Turner, supra, 140 Vt. at 22, 433 A.2d 307. In the course of its discussion, Turner specifically distinguished its earlier decision in Peterson, holding that the two opinions were consistent. Peterson held that "{a} person claiming title to real estate under a tax collector's deed has the burden of proving every act necessary to the validity of the tax, levy, and sale." Peterson, supra, 120 Vt. at 442, 144 A.2d 717.

With this in mind, we hold that the tax collector's course of conduct in this transaction falls far short of the procedural requirements of the statutes. Here, unlike in Turner, those procedural shortcomings deprived Bank of the notice the procedures were intended to · provide. The warrant issue aside, the tax collector's failure to file a report of tax sale within thirty days as required by 32 Vt.Stat.Ann. § 5255 prevented the discovery of the sale by Bank's attorney during the pre-foreclosure title search. While the plaintiff was put on notice of the impending sale by the tax collector's compliance with 32 Vt.Stat.Ann.

---

9. Section 5258 provides, in pertinent part:
   The fees and costs allowed in the sale of lands for taxes shall be as follows: Levy and extending of warrant $10.00; recording levy and extending of warrant in town clerk's office, $10.00, to be paid the town clerk....

10. See note 3, supra.

§§ 5252(2) and (4), requiring publication of the sale for three weeks prior to the sale, as well as notice to all resident lienholders at least 10 days prior to the sale, any number of occurrences could have caused cancellation of the proposed tax sale.

 The purpose of public record keeping is to ensure that everyone can easily gain notice of actual transactions simply by checking the public records. Equipped with notice that a tax sale was pending, Bank checked the place where the law requires that reports of sale be recorded, and checked by phone with the official responsible for maintaining those records. Bank had no responsibility to verify the occurrence of the sale with the tax collector or any other source of information about the sale. Rather, § 5255 requires that the tax collector bear responsibility for properly recording the report of sale with the Town Clerk. Bank's counsel looked where Vermont law requires the record to be kept, and thereby acted with due diligence. Were we to overlook the tax collector's glaring failure to provide the notice required by law and hold that Bank should have contacted the tax collector directly, we would undermine the record notice system implemented by Vermont's legislature and impose heavy new burdens on those who buy and sell real estate in Vermont.

Bank also argues that the sale is void as a fraudulent conveyance because the price paid was less than two percent of the parcel's value.[11] Our holding that the sale itself was void *ab initio* makes it unnecessary for us to decide this issue. We also find it unnecessary to decide whether the tax collector's failure to divide the property into smaller parcels prior to the sale is sufficient to void the sale.

Counsel for Bank is to settle an order consistent with the views expressed in this opinion on five days' notice to Brentwood.

11. We previously denied a motion for summary judgment on Bank's fraudulent conveyance count (Count II of the Complaint). Our holding today will dispose of the entire adversary proceeding and Count II will be dismissed upon submission by Bank of the Order called for by this Memorandum.