Gray-Quintin v. Town of Williamstown, No. 232-10-10 Oecv (Eaton, J., Feb. 6, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT
Orange Unit

CIVIL DIVISION
Docket No. 232-10-10 Oecv

Shanna Gray-Quintin
        Plaintiff

v.

Town of Williamstown
        Defendant

Decision on Defendant's Motion for Summary Judgment

Plaintiff Shanna Gray-Quintin and her estranged father are the co-owners of a home located in Williamstown, Vermont. After they fell behind in their payment of property taxes and water assessments, the town sold their property at a tax sale. At issue in this lawsuit is whether the town provided the property owners with adequate notice of the tax sale. More specifically, the case provides an opportunity to clarify the steps that must be taken when a town sends timely notice of a pending tax sale to the taxpayer by certified mail pursuant to 32 V.S.A. § 5252(3), but then learns, one day before the scheduled sale, that the certified letter has been returned as "unclaimed." See *Jones v. Flowers*, 547 U.S. 220, 225 (2006) (holding that "when mailed notice of a tax sale is returned unclaimed, the [town] must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so").

The following background facts are established by the summary-judgment record. Plaintiff and her father are co-owners of a home located on Graniteville Road in Williamstown. Plaintiff lives at the Graniteville Road address and has filed homestead declarations to this effect; father lives in Massachusetts. At some point, either plaintiff or her father provided the town with father's Massachusetts address as the "address of record" for property-tax purposes and so the town has always sent the property-tax bills and water assessments to that address. Plaintiff insists, however, that the town clerk has always been aware that she lives at the Graniteville Road address because she has always used that address when doing such things as registering her dog with the town. Plaintiff further alleges that she attempted on several occasions to persuade the town clerk to send duplicate tax notices to her at the Graniteville Road address but that the town clerk was unable to accommodate more than one mailing address of record for any particular tax parcel.

Plaintiff and her father fell behind on certain taxes and assessments, and the town scheduled a tax sale for November 4th, 2009. On October 8th, the town posted notices on the bulletin board in the hallway of the town offices and delivered a copy of the notice to the town clerk for recording in the land records. On the same day, the town attorney sent a copy of the notice by certified mail to the address on record, which was father's address in Massachusetts. The town then published a notice of the tax sale in a local newspaper for three consecutive weeks.

One day before the scheduled tax sale, on November 3rd, the certified letter was returned to the town as "unclaimed." The town attorney therefore sent notice of the tax sale by first-class mail to the address of record in Massachusetts. The property was then sold at the tax sale the following day for approximately fifteen percent of its appraised value. It is undisputed that the town attorney never mailed any notice to the Graniteville Road address and that the town made no other efforts to provide notice of the tax sale to the property owners.

Title 32, V.S.A. § 5252 is the statute that prescribes the form of notice for tax sales. Among other requirements, towns must provide delinquent taxpayers with "written notice by registered mail requiring a return receipt directed to the last known address of the delinquent of the date and place of such sale at least ten days prior thereto if the delinquent is a resident of the town, and twenty days prior thereto if the delinquent is a nonresident of the town." In this case, the town attempted to comply with the statute by sending a certified letter to the taxpayers at their address of record in the town files, but the certified letter was then returned as "unclaimed" one day before the tax sale. The town was then confronted with the question of how to respond to that development.

Although the statute does not prescribe the procedure that towns should follow when its certified notice is returned as unclaimed, the constitutional rule is that such a development obligates the town to take "additional reasonable steps to attempt to provide notice to the property owner before selling his property." *Jones v. Flowers*, 547 U.S. 220, 225 (2006). Actual notice is not required, but the town must at least attempt to provide notice of the pending tax sale in a form that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The precise steps that must be taken may vary depending upon the circumstances, but the measure chosen must be, at a minimum, what a reasonable person would do if they were "desirous of actually informing" the taxpayer of the pending sale. *Jones*, 547 U.S. at 229–30 (quoting *Mullane*, 339 U.S. at 315); see also *Griffin v. Bierman*, 941 A.2d 475, 482 (Md. 2008) ("There is no cookie cutter paradigm for determining the constitutionality of a particular procedure designed to convey notice. Due process is flexible and calls only for such procedural protections as the particular situation demands. Procedures adequate under one set of facts may not be sufficient in a different situation.") (Quotations omitted). The reasonableness of the town's attempts at notice in this case must be measured based on what the town knew under the unique circumstances of the case at the time it attempted notice, and not in hindsight based on the events that actually transpired. *Jones*, 547 U.S. at 231; *Griffin*, 941 A.2d at 482.

In this case, the town learned one day before the scheduled tax sale that its certified letter had been returned as "unclaimed." At that point, the town sent the same notice to the same Massachusetts address on file by first-class mail instead of by certified mail. Although the town's decision may have been informed by cases such as *Jones*, *Griffin*, and *Schlereth v. Hardy*, 280 S.W.3d 47, 51 (Mo. 2009), all of which have endorsed the general idea that first-class mail might be an adequate substitute for certified mail when a town learns that its attempts at certified notice have failed, none of those cases dealt with the situation where the town learns *one day before the scheduled tax sale* that its attempts at notice were defective. This court very seriously

2

doubts that a reasonable person who was "desirous of actually informing" a taxpayer of a tax sale scheduled for the next day would choose to provide notice of that fact by first-class mail. At a minimum, there is a serious constitutional question as to whether the government may take and sell a property for delinquent taxes based on notice that is sent to the taxpayer by first-class mail one day before the scheduled sale, especially if the town actually knew, as plaintiff alleges, that she was living at the subject property all along.

The town advances several arguments in support of the effectiveness of its chosen procedures. Its first argument is that notice was effective because the town followed the statutory procedures set forth in § 5252(3), and because "[o]nce a municipality follows the statutory process there are no additional requirements to meet due process standards." Defendant's Motion for Summary Judgment at 5. As suggested above, this position was squarely and expressly rejected in *Jones*. See 547 U.S. at 227 (explaining that "when the government learns its attempt at notice has failed, due process requires the government to do something more before real property may be sold in a tax sale"). Even assuming that the statutory procedures are constitutional in the first instance—and a town should never take that for granted, see, e.g., *Schlereth*, 208 S.W.3d at 52 (explaining that "[f]or nearly 60 years, *Mullane* has alerted American lawyers that notice provisions prescribed in state statutes may not be constitutionally sufficient")—the cases make clear that due process requires the town to take additional steps beyond the statute once the town learns that its attempts at certified notice have been returned as undelivered. It is insufficient for the town to rely upon the statutory procedures at that point.

In choosing the additional steps to be taken, the town argues that it "cannot be held responsible" for knowing the particulars of a taxpayer's personal arrangements, and thus that it cannot be held responsible in this case for sending the tax bills to father instead of to plaintiff. Although this is true as a general proposition, the constitutional standard requires towns to "consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case." *Jones*, 547 U.S. at 230; see also *Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) (holding that notice of forfeiture proceedings sent to a vehicle owner's address of record was inadequate where the state knew that the property owner was in prison). At the very least, therefore, in this case, the town should have considered what it knew about the taxpayers' living arrangements when deciding what additional notice was required after the certified notice was returned as unclaimed. Knowing, for example, that plaintiff actually lived at the Graniteville Road address, the town could have chosen to post notice at that address. *Jones*, 547 U.S. at 235.

The town also argues that the failure of notice here was the taxpayer's fault because she did not update her address of record. Aside from the disputed questions of fact pertaining to plaintiff's attempts to update her address of record, the constitutional rule is that a taxpayer's failure to comply with a statutory obligation to maintain her current address on file does not "forfeit[] [her] right to constitutionally sufficient notice." *Jones*, 547 U.S. at 232. Although plaintiff's disputed failure to update her address of record may be taken into consideration when assessing the reasonableness of the town's attempts to provide notice after the certified letter was returned unclaimed, it does not excuse the town from its obligation to make a constitutionally-sufficient attempt. *Id*. at 225.

3

The town's final argument is that there was no harm here because both plaintiff and her father learned about the tax sale before the redemption period expired but failed to redeem the property. The response here is that both the statute and the constitutional rule require adequate notice to the taxpayer *before* the tax sale takes place, and in any event, the constitutionality of notice must be measured from the viewpoint of the town at the time its notice is sent, rather than by events that took place after that time. See 32 V.S.A. § 5252(3) (requiring notice ten or 20 days *before* the sale); *Jones*, 547 U.S. at 225; see also *Griffin*, 941 A.2d at 482 (explaining that "[t]he proper inquiry is whether the [town] acted reasonably in selecting means likely to inform persons affected, not whether each property owner actually received notice") (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)).

Even aside from the particulars of this case, the town's fundamental position is troubling. Imagine that an elderly taxpayer has lived in a house on the town green here in the village of Chelsea for the past fifty years. The taxpayer falls behind on his taxes and the town schedules a tax sale and sends notice to the taxpayer by certified mail. For whatever reason—perhaps the taxpayer is not home at the time of attempted delivery, perhaps the taxpayer cannot come to his door—the certified mail is returned as unclaimed one day before the scheduled sale. The town responds by putting a notice in the outgoing first-class mail and then sells the property the next day. The town makes no other effort at notice despite what it knows about the taxpayer. Is the town arguing that such a sale would be constitutional—or even proper under the statute? See 32 V.S.A. § 5252(3) (requiring the town to notify the taxpayer of the date and place of the sale "at least ten days prior thereto if the delinquent is a resident of the town").

For these reasons, the town has not established that it is entitled to judgment as a matter of law in its favor, and its motion for summary judgment is denied. Because the new summary-judgment rules do not permit the court to enter summary judgment against the moving party without an opportunity to respond, V.R.C.P. 56(f)(1) (2012), the best course of action is to set the matter for a final hearing at which the town will have the burden of establishing the statutory and constitutional propriety of a tax sale in which notice was provided to the taxpayers by first-class mail sent one day before the scheduled sale. See *Peterson v. Moulton*, 120 Vt. 439, 442 (1958) (burden is on the town to justify the legality of a tax sale). The town may attempt to do this by legal argument or by evidence of the unfeasibility of any other manner of notice within the framework established by *Jones*. Plaintiff may or may not choose to supplement the record with her evidence of what the town knew about her unique situation.

**ORDER**

Defendant's Motion for Summary Judgment (MPR #4), filed July 22, 2011, is ***denied***.

Dated at Chelsea, Vermont this _____ day of _____, 2012.

_____
Harold E. Eaton, Jr.
Superior Court Judge

4